**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory W. RUSH, Noah M. Lohr,**
**a/k/a Riberto,**
**Defendants–Appellants.**

No. 87–3804.

United States Court of Appeals,
Eleventh Circuit.

June 13, 1989.

Bennie Lazzara, Jr., Robert P. Polli, Tampa, Fla., Robert J. Waters, Santa Monica, Cal., for Rush.

David T. Weisbrod, Tampa, Fla., for Lohr.

Michael Rubenstein, Mark V. Jackowski, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Noah Lohr and Gregory Rush appeal their convictions for conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. sec. 963. Appellants challenge the imposition of what the trial court viewed as mandatory minimum sentences required by 21 U.S. C. sec. 960.[1] The trial court sentenced Rush to twelve and Lohr to ten years incarceration. We vacate and remand for resentencing.

When appellants were convicted of conspiracy to import, and sentenced, 21 U.S.C. sec. 963 stated: "Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."[2]

The object of the conspiracy, importation of cocaine, violates 21 U.S.C. sec. 952. Section 960 prescribes the penalties for violation of sec. 952:

(a) Any person who, contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports ... a controlled substance ... shall be punished as provided in subsection (b) of this section. (1) In the case of a violation of subsection (a) of this section involving—

. . . . .

(B) 5 kilograms or more of a mixture or substance containing a detectable amount of— ...

. . . . .

---

1. We conclude that the other claims raised by appellants are meritless.

2. Section 963 was amended on November 18, 1988.

(ii) cocaine ...

the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life....

21 U.S.C. sec. 960 (1981 & Supp.1989)

Rush and Lohr claim that the district court erred in its determination that conviction for violation of section 963 required a minimum mandatory ten-year sentence. The appellants claim that the minimum mandatory sentence of section 960 applies only to convictions for the underlying substantive offense (importation) and does not apply to convictions for conspiracy to commit the substantive offense. The government argues that the mandatory minimum prison terms required under section 960 clearly fall within the meaning of the word "imprisonment" used in section 963.

 Our role in appraising the parties' readings of section 963 is not to make policy about what sentences defendants deserve, but to interpret the statute. *See Neitzke v. Williams*, —— U.S. ——, ——, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The starting point in interpreting a statute is the language of the statute itself. *United States v. Anderez*, 661 F.2d 404, 406 (5th Cir. Unit B 1981).[3] Where the language of a statute is a clear expression of congressional intent we need not resort to legislative history. *United States v. Rojas–Contreras*, 474 U.S. 231, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985). We think it is clear that 21 U.S.C. sec. 963, at the time of defendant's crimes, did not address, much less require, minimum sentences. Although the statute expressly addressed the "maximum punishment," it was silent about any minimum. The use of the word "imprisonment" does not imply a minimum term. In addition, where Congress intended mandatory minimum terms of imprisonment to apply in other sections of the Controlled Substance Act, Congress said so. *See United States v. Campbell*, 704 F.Supp. 661, 663 n. 2 (E.D.Va.1989).

In 1988, one year after these defendants had been sentenced, Congress amended section 963: "Any person who attempts or conspires to commit any offense defined in the subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. 963 (Supp.1989). This amendment, of course, proves the obvious: when Congress means for different offenses to carry the same punishment, Congress can say so very plainly. In the criminal law, especially, clarity is important. *See generally Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (disallowing same penalty for conspiracy and substantive drug violation).

It may be that some members of Congress always intended that 21 U.S.C. sec. 963 provide for conspiracies to carry the same minimum punishments as the underlying substantive offense. For example, one line in a later Senate Report discussing the section 960 penalty provision states, "[a]n attempt or conspiracy to commit an offense punishable under 21 U.S.C. 960 carries the same penalty as the offense which was the object of the attempt or conspiracy." S.Rep. No. 98–225, 98th Cong., 2nd Sess. 4, *reprinted in* (4) U.S. Code Cong. and Admin.News (98 Stat.) 3182, 3440. But, this bit of legislative history (not contemporaneous with the adoption of section 963) cannot change the straightforward meaning of the words and silences of section 963 as adopted. Where the language of the statute is clear, "we will not use the legislative history to *create* ambiguity." *United States v. Nichols*, 841 F.2d 1485, 1492 (10th Cir.1988) (emphasis in original).

We also observe that, in amending section 963 in 1988, Congress admitted that the "may not exceed" language of then 963 was "not clear" on whether mandatory minimums were to be imposed.[4] 134 Cong.

---

**3.** In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former Fifth Circuit.

**4.** The language was anything but clear to the Department of Justice, which determined that the mandatory minimum prison terms of section 960 did not apply to former section 963.

Rec. S7448 (daily ed. June 8, 1988) (statement of Senator Kennedy, co-sponsor of bill, reading section by section analysis of bill).[5] In such circumstances, we hold that no minimum terms of imprisonment applied to defendants. Because the district court believed that mandatory minimums applied, resentencing is necessary. We express no views as to what defendants' proper sentences should be.

VACATED and REMANDED.

United States Dep't of Justice, *Handbook on the Anti–Drug Abuse Act of 1986* 17–20.

**5.** See generally *S & E Contractors, Inc. v. United States,* 406 U.S. 1, 12 n. 9, 92 S.Ct. 1411, 1418 n. 9, 31 L.Ed.2d 658 (1972) (extremely wary of testimony before committee hearings and of debates on floor of Congress "save for precise analysis of statutory phrases by the sponsors of the proposed laws").