UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Wilford ROBINSON and James
Ivey Wheeler, Defendants–Appellants.

No. 88–3371
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1989.

Lawrence N. Rosen, Miami, Fla., for Robinson.

Stephen K. Johnson, Gainesville, Fla., for Wheeler.

Before RONEY, Chief Judge, and HILL and EDMONDSON, Circuit Judges.

PER CURIAM:

The sole issue on appeal is whether the mandatory minimum punishments applicable to the offenses of importation of marijuana, 21 U.S.C.A. §§ 952(a) & 960, and possession with intent to distribute, 21 U.S. C.A. § 841(a)(1) & (b), also apply to conspiracies to commit those offenses, 21 U.S.C.A. §§ 846 & 963.

Defendants Robert Wilford Robinson and James Ivey Wheeler appeal their sentences for September 1986 through January 1987 conspiracy to import and to possess with intent to distribute in excess of 1,000 pounds of marijuana. The district court, holding that the mandatory minimum sentencing provisions applied, sentenced Robinson to concurrent terms of 20 years imprisonment without parole and Wheeler to concurrent 15–year terms without parole.

Our recent holding in *United States v. Rush*, 874 F.2d 1513 (11th Cir.1989), is dispositive of this question. Like the defendants in *Rush*, Robinson and Wheeler were convicted under conspiracy provisions existing before the November 18, 1988 amendment made the punishment for drug conspiracies the same as for the offenses which were the objects of the conspiracies. Prior to the 1988 amendment, a drug conspiracy had the same statutory maximum but not the mandatory minimum punishment applicable to the offense which was the conspiratorial objective. Resentencing is necessary because the district court erroneously believed that mandatory minimums applied here. *See United States v. Rush*, at 1513–15.

VACATED and REMANDED.