**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herman Lee CURRY, Haskell Watson, Jr., Jeffrey Lynn Howard, Ronald Jerome Hayes, Adam Butler, II, a/k/a Moo Moo, Sam Hayes, Defendants–Appellants.**

**No. 89–7028.**

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

---

Joel F. Alexander, III, Birmingham, Ala., for Haskell Watson, Jr.

Connie W. Parson, Birmingham, Ala., James R. Willis, Cleveland, Ohio, for Ronald Hayes and Adam Butler.

J. Harry Blalock, Birmingham, Ala. (court-appointed), for Sam Hayes.

Tommy Nail, Birmingham, Ala. (court-appointed), for Jeffrey Lynn Howard.

Roger C. Appell, Birmingham, Ala., for Herman Lee Curry.

Frank W. Donaldson, U.S. Atty., John C. Earnest, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ANDERSON, Circuit Judge:

This case arises out of a multi-defendant, multi-count trial. In addition to the appellants, the indictment charged Harold Singleton and "Jay." Singleton made a deal with the prosecution and testified at trial.

Gerald Daniels (who the prosecution claimed was "Jay") was a co-defendant at trial. A mistrial was declared as to Daniels, and the district judge granted Daniels a judgment of acquittal because his name did not appear in the indictment (i.e., the indictment named only "Jay") and because the prosecution's evidence that Daniels was, in fact, "Jay" was not persuasive.

The appellants raise a number of issues on appeal: 1) Ronald Hayes claims that the evidence was insufficient to sustain his conviction of engaging in a continuing criminal enterprise (Count II) and that the district court's instructions to the jury on this count constituted plain error; 2) Butler and Ronald Hayes challenge their conviction for using a minor to assist in avoiding detection or apprehension in violation of 21 U.S.C. § 845b(a)(2) (Count XVI); 3) appellants (excluding Sam Hayes [1]) claim that evidence was suppressed by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 4) Sam Hayes, Howard, Curry, and Watson claim that they should be resentenced because the trial court erroneously ruled that mandatory minimum penalties under 21 U.S.C. § 841(b)(1) (substantive offense) apply to offenses committed under 21 U.S.C. § 846 (conspiracy to commit substantive offense); and 5) Butler and Ronald Hayes claim that they must be resentenced because they were sentenced without reference to the Sentencing Reform Act of 1984 which was upheld as constitutional in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).[2]

## I. CONTINUING CRIMINAL ENTERPRISE

In addition to a number of other counts, Ronald Hayes was tried and convicted of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (Count II). Ronald challenges his conviction on Count II, arguing that 1) the evidence was insufficient to show that he organized, managed, or supervised five persons as required by 21 U.S.C. § 848, and 2) the district court's failure to instruct the jury that it must be unanimous as to which five persons Ronald supervised was plain error.

### A. *Sufficiency of the Evidence*

The standard of review for sufficiency of the evidence claims is "whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984) (citations omitted). In applying this standard, we view the evidence in the light most favorable to the verdict, making all reasonable inferences and credibility choices in support of the verdict. *United States v. Russo*, 796 F.2d 1443, 1455 (11th Cir.1986).

The evidence at trial clearly supports a guilty verdict. Singleton testified that he made trips to Florida and California to purchase cocaine for Ronald. He also testified that Ronald supplied Curry with the cocaine that Curry sold to Singleton. Ronald told Singleton that he could leave cocaine with "Pop" if Ronald was unavailable. "Tim" was arrested at one of Ronald's apartments when the police seized five ounces of cocaine. There was evidence at trial that Howard participated in several drug transactions for Ronald. "Jay" made drug exchanges for Ronald while Butler was allegedly Ronald's "right-hand man." Thus, the evidence demonstrates that the jury could have found that Ronald supervised Singleton, Curry, "Pop," "Tim," Howard, "Jay," and/or Butler.

### B. *Jury Unanimity*

Ronald's second argument on this issue is that the district court's failure to instruct the jury that they had to be unanimous in deciding which five people Ronald supervised was plain error. Our decision in *United States v. Raffone*, 693 F.2d 1343, 1347–48 (11th Cir.1982), *cert. denied*, 461

---

1. Sam Hayes pled guilty and challenges only his sentence on appeal.

2. Appellants have raised several other issues on appeal. However, those issues are without merit and warrant no discussion.

U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983), squarely addresses this question and controls the disposition of this claim. In *Raffone*, we held that there is no plain error when a district court fails to instruct the jury as to unanimity regarding the supervision requirement in a CCE case.

## II. SCOPE OF 21 U.S.C. § 845b(a)(2)

21 U.S.C. § 845b(a) (Supp.1989) provides:

**(a) Unlawfulness**

It shall be unlawful for any person at least eighteen years of age to knowingly and intentionally—

(1) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen year[s] of age to violate any provision of this subchapter or subchapter II of this chapter;

(2) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this subchapter or subchapter II of this chapter by any Federal, State, or local law enforcement official; ....

Appellants Butler and Ronald Hayes were indicted and convicted under Count XVI of violating subsection 845b(a)(2). They challenge this conviction on the ground that, under the facts of this case, they did not violate the subsection.

Ronald Hayes and Butler were driving Butler's car to meet Singleton for a drug transaction. They passed Singleton, who was pretending to work on a flat tire. They then drove across the street to a service station to get gas. At the service station, their car apparently broke down. Butler then called his nephew, a minor, and asked him to pick them up. Meanwhile, Singleton crossed the street and had a short conversation with Ronald. A few minutes later, the boy drove into the station in an old red pickup truck. Ronald and Butler then transferred the contents of Butler's car to the pickup. Butler drove the juvenile and Ronald across the street in the pickup. Singleton removed a blue nylon bag containing cocaine from his trunk. He handed the bag to Ronald, and Ronald gave Singleton a yellow plastic bag containing $50,885. At that point, Butler and Ronald were arrested.

Butler and Ronald Hayes contend we should apply the rule of lenity and conclude that their actions do not come within the scope of activity prohibited under 21 U.S.C. § 845b(a)(2). The rule of lenity, however, is applicable only where there exists some ambiguity in both the statutory language and legislative history concerning the breadth of activity prohibited by a criminal statute. *See United States v. Rodgers*, 466 U.S. 475, 484, 104 S.Ct. 1942, 1948, 80 L.Ed.2d 492 (1984) (statute not sufficiently ambiguous to permit rule of lenity to control); *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) ("Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent"). When the statute's provisions clearly delineate the manner in which congressional objectives are to be realized, then the need to interpret a statute in the narrowest possible manner dissipates. *McElroy v. United States*, 455 U.S. 642, 658, 102 S.Ct. 1332, 1341, 71 L.Ed.2d 522 (1982) ("[A]lthough 'criminal statutes are to be construed strictly ... this does not mean that every criminal statute must be given the narrowest possible meaning in complete disregard of the purpose of the legislature'" (*quoting United States v. Bramblett*, 348 U.S. 503, 509–10, 75 S.Ct. 504, 508, 99 L.Ed. 594 (1955) (footnote omitted)).

As to this issue, we see no ambiguity in the statute or the legislative history. The Juvenile Drug Trafficking Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207–10 (1986), represents a congressional recognition of the troublesome societal problem created when drug traffickers seek to include minors in their illegal activities. As an acknowledgement of the fact that youths are easily susceptible to outside pressures and in an attempt to deter criminals from including minors as participants in their illegitimate activities, Congress enacted several new offenses with enhanced penalty provisions. Among other things, Congress provided for the imposition of

mandatory minimum sentences for any individuals convicted of knowingly and intentionally including minors in their criminal drug activities. 21 U.S.C. § 845b(b), (c) (Supp.1989). As an additional deterrent to criminals who wish to include minors in their illegal activities and as a reflection of society's view that utilization of susceptible minors is particularly reprehensible, Congress provided that the potential maximum sentence for individuals convicted of knowingly and intentionally including minors in their illegal drug conduct may be significantly greater than the potential maximum penalties that could be imposed otherwise. 21 U.S.C. § 845b(b), (c), (e) (Supp.1989).[3]

■ In this case, the evidence shows that Ronald and Butler were intending to purchase a large quantity of cocaine at the time their car broke down. Once their car became inoperable, Ronald and Butler could have chosen simply to walk across the street and consummate their planned purchase of cocaine. Instead, however, they decided to wait until they had a truck and driver who could both surreptitiously transport them across the street where they would obtain the cocaine and then drive them quickly and safely away from that locale. A reasonable inference for the jury to draw from this evidence is that Butler and Ronald believed that using a vehicle would assist them in avoiding detection and arrest. It is uncontested that the individual they chose for this task, Butler's nephew, was a minor. *Cf. United States v. McDonald*, 877 F.2d 91, 93 (D.C.Cir.1989) (evidence insufficient to support conviction under 845b(a)(1) where no evidence adduced to show that defendant used minor for defendant's own violations of narcotics laws). These facts are sufficient to support the jury's conviction that Ronald and Butler "knowingly and intentionally ... use[d] ... a person under eighteen years of age to assist in avoiding detection or apprehension." 21 U.S.C. § 845b(a)(2).

## III. *BRADY* CLAIM

■ Appellants requested an FBI report which was prepared from conversations with Singleton, the prosecution's primary witness. The government turned over the report with certain portions (mainly names, addresses, and telephone numbers) deleted. The FBI was in the midst of an ongoing investigation and did not want to make the names of the people who were being investigated public knowledge. Appellants objected to receiving the edited report and again requested the report in its entirety, arguing that their cross-examination of Singleton would be ineffective without the complete report. The district court ruled in favor of the government. Appellants claim on appeal that this report constitutes *Brady* material which the government was required to turn over to the appellants.

To assert a successful *Brady* claim, appellants must satisfy two requirements. First, the report must be favorable to the appellants, and, second, appellants must show that there is a reasonable probability that the result of the trial would have been different had they had access to the suppressed evidence. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Having reviewed the FBI report in its entirety, we find that the omitted portions would not have materially affected the cross-examination of Singleton, and, therefore, the verdict at trial would not have been affected by appellants' access to the report in its entirety. No information vital to a thorough cross-examination of Singleton was omitted.

## IV. MANDATORY MINIMUM PENALTIES

■ Curry, Watson, Howard, and Sam Hayes argue that they should be resentenced because the trial court erroneously applied the mandatory minimum penalties

---

**3.** As additional arsenal in the battle to prevent the scourge of narcotics from reaching our nation's youth, Congress also increased the potential range of penalties for those individuals who provided or distributed narcotics to minors, 21 U.S.C. § 845b(d)(1) (Supp.1989), or who distributed or manufactured narcotics near schools and other areas where youths tend to congregate. 21 U.S.C. § 845a (Supp.1989).

under 21 U.S.C. § 841(b)(1) to offenses committed under 21 U.S.C. § 846.[4]

In a well-researched memorandum opinion, the district judge determined that the mandatory minimum penalty under subsection 841(a)(1) of Title 21 (substantive offense) was applicable to offenses under 21 U.S.C. § 846 (conspiracy to commit substantive offense). The district judge made this determination because of Congress's "technical" amendment to section 846 which required that the same punishment be imposed as is available under subsection 841(a)(1). This amendment was passed subsequent to appellants' criminal activities. At the time the district court rendered its opinion, there was no law in this area. However, since the appellants were sentenced, we have decided several cases which clearly dispose of the issue. In *United States v. Giltner*, 889 F.2d 1004 (11th Cir.1989), and *United States v. Robinson*, 883 F.2d 940 (11th Cir.1989), we squarely held that the mandatory minimum sentence required for violations of subsection 841(a)(1) does not apply to violations of section 846 which occurred prior to the Congressional amendment.[5] *See also United States v. Rush*, 874 F.2d 1513 (11th Cir.1989) (holding mandatory minimum sentence under 21 U.S.C. § 960 not applicable to violations of § 963). Therefore, with regard to Count I, the sentences of appellants Curry, Watson, Sam Hayes, and Howard must be vacated and remanded for resentencing.[6]

## V. SENTENCING GUIDELINES CLAIM

Butler and Ronald Hayes claim that they were sentenced without regard to the sentencing guidelines as promulgated by the United States Sentencing Commission. Most of the crimes of which Ronald was convicted and all of the crimes of which Butler was convicted occurred after November 1, 1987, the effective date of the sentencing guidelines. Sentencing Act of 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266. Therefore, the sentences on those counts must be vacated and remanded for resentencing under the sentencing guidelines. A number of substantive counts of which Ronald was convicted (Counts III through VII) took place prior to the effective date of the sentencing guidelines. Therefore, the district judge was not obligated to take the guidelines into account in sentencing Ronald on those counts. *United States v. Burgess*, 858 F.2d 1512, 1514 (11th Cir.1988). However, at sentencing, the district judge clearly considered all of the counts in arriving at an overall sentencing plan. Therefore, in this case, because the judge's intent was clear, we deem it necessary to vacate Ronald's sentence on all counts and remand for resentencing; "if we held otherwise the court's sentencing plan would be 'thwarted' and its intent frustrated." *United States v. Guevremont*, 829 F.2d 423, 428 (3d Cir.1987) (where district court corrected illegal sentence and judge's intention was clear, cor-

---

**4.** Ronald Hayes' conviction on Count I was vacated on the government's motion; therefore, this issue does not affect him. In addition, the district court made clear that Butler would have been sentenced to a term greater than the mandatory minimum even if the mandatory minimum was not applicable, and, therefore, Butler concedes that his sentence is unaffected by the district court's ruling on this issue. In any event, we vacate Butler's sentence under Part V of this opinion.

**5.** The government points to language in *Giltner* referring to the date of sentencing and argues that *Giltner* can be read to suggest that the 1988 amendment should apply to sentences imposed after the amendment even though the criminal violation occurred prior to the amendment. However, this argument finds no support in the statute or the legislative history and would raise

serious constitutional implications. *See Dufresne v. Baer*, 744 F.2d 1543, 1546 (11th Cir. 1984) ("An ex post facto law ... is a criminal or penal measure, retrospective, and disadvantageous to the offender because it may impose greater punishment.") (citations and footnote omitted), *cert. denied*, 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 49 (1985).

**6.** The sentencing guidelines went into effect on November 1, 1987. Because appellants' conspiracy did not end until after the effective date of the guidelines, appellants are due to be resentenced under the guidelines. *United States v. Terzado–Madruga*, 897 F.2d 1099, 1123 (11th Cir.1990); *United States v. White*, 869 F.2d 822 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033; —— U.S. ——, 110 S.Ct. 560, 107 L.Ed.2d 555 (1989).

rected sentence did not violate Double Jeopardy Clause); *see Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985) (Double Jeopardy Clause does not bar resentencing on counts involving suspended sentences when sentence of imprisonment on another count is vacated); *United States v. Alvarez–Moreno,* 874 F.2d 1402, 1414 (11th Cir.1989) (when some sentences are improper in multiple count conviction, vacating sentences on only those counts would frustrate district court's intent), *cert. denied,* —— U.S. ——, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990).[7] The district court will then have the discretion to consider the guidelines in sentencing on all counts. Of course, the district court may impose sentence on Ronald Hayes on Counts III through VII without reference to the guidelines; that is his prerogative. *United States v. Serra,* 882 F.2d 471, 474 (11th Cir.1989). However, Butler and Ronald Hayes must be resentenced in accordance with the guidelines with the exception of Ronald's sentencing on Counts III through VII.

## VI. CONCLUSION

The sentences of Curry, Watson, Howard, and Sam Hayes on Count I are VACATED and REMANDED for resentencing. The sentences of Ronald Hayes and Butler are VACATED on all counts and remanded for resentencing. The convictions on all counts are AFFIRMED.

---

7. We note that Ronald Hayes has requested that we vacate his sentences on all counts and remand for resentencing.