UNITED STATES of AMERICA,
Plaintiff–Appellee,

v.

Elvin L. YOUNG, a/k/a Peewee,
Defendant–Appellant.

No. 90–3950.

United States Court of Appeals,
Eleventh Circuit.

Oct. 29, 1992.

Gerald S. Bettman, Jacksonville, Fla., for defendant-appellant.

James L. Powers, Asst. U.S. Atty., Karla R. Spaulding, Linda J. McNamara, Asst. U.S. Atty., U.S. Attorney's Office, Tampa, Fla., for plaintiff-appellee.

Before DUBINA, Circuit Judge, HILL and CLARK, Senior Circuit Judges.

DUBINA, Circuit Judge:

The appellant Elvin L. Young ("Young") appeals the mandatory minimum and non-parolable provisions of his sentence imposed by the United States District Court for the Middle District of Florida. For the reasons that follow, we vacate and remand.

## I. STATEMENT OF THE CASE

### A. *Background Facts*

Young was the captain of the "Lady Hamilton III." In March 1987, he and two other individuals, Timothy Lambert and Steven Odstricil, were sailing in the Yucatan Channel near Cozumel, Mexico, when they were spotted and boarded by U.S. Coast Guard officers. After telling the officers that he was sailing to Tampa, Florida, Young gave them permission to search the vessel. The search revealed approximately 36,000 pounds of marijuana.

### B. *Procedural History*

Young was charged in a two count indictment. Count One charged him with a conspiracy to possess with intent to distribute controlled substances on board a vessel, and Count Two charged him with possession with intent to distribute, both in violation of 46 U.S.C. app. § 1903. Young pled guilty to both counts and was sentenced to two concurrent twelve year sentences. Young also received a five year term of supervised release and a special assessment of $100.00.

Young filed a motion for reduction of sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure. That motion was denied. Thereafter, he filed a petition for writ of habeas corpus. The district court denied his request for relief from the twelve year sentences but amended the five year term of supervised release to a five year term of special parole.[1] Young filed a motion for reconsideration, which was denied. Young then perfected this appeal of his sentence.[2] He is presently incarcerated.

## II. ANALYSIS

### A.

Young argues that the district court erred by imposing two twelve year non-parolable sentences for counts one and two, pursuant to 46 U.S.C. app. § 1903(a) and (j).[3] Young asserts that the sentence for these violations is not more than five years with a special parole term of not less than two years. Young is mistaken.

Looking at 21 U.S.C. § 960 to determine Young's sentence,[4] it is clear that he is

---

1. The elimination of special parole terms is contained in section 1004 of the Anti-Drug Abuse Act ("ADAA"), which is codified at 21 U.S.C. § 960. Section 1004 states that it will not be effective until November 1, 1987. *See* 100 Stat. 3207, 3207–6. Therefore, the supervised release provision contained within 21 U.S.C. § 960 is inapplicable to Young's sentence since he committed his offense in March, 1987.

2. Although, Young filed his original appellate brief and reply brief *pro se*, his supplemental brief to this court was filed by counsel.

3. The applicable 1986 version of 46 U.S.C. app. § 1903(a) states
   [i]t is unlawful for any person on board a vessel of the United States, or on board a

vessel subject to the jurisdiction of the United States, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.
Section 1903(j) states
   [a]ny person who attempts or conspires to commit any offense defined in this Act is punishable by imprisonment or fine, or both, which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

4. Section 1903(g)(1) states "[a]ny person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive

relying on the 1970 version of 21 U.S.C. § 960. That section has been amended. The applicable statute is the 1986 version which states

> [i]n the case of a violation ... involving—1,000 kilograms or more of a mixture or substance containing a detectable amount of marihuana; the person committing such violation shall be *sentenced to a term of imprisonment of not less than 10 years and not more than life.... Any sentence under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment.... No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.* (Emphasis added.)

21 U.S.C. § 960(b)(1)(G) (1986).

This version contains no effective date. However, the Supreme Court recently noted that, "absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment." *See Gozlon-Peretz v. United States,* —— U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). Because the 1986 version was enacted on October 27, 1986, it was effective when Young committed his offenses in 1987 and was properly applied to Young's case. *See* Pub.L. No. 99–570, title I, § 1302, 100 Stat. 3207 (1986).

In *United States v. Fuentes,* 877 F.2d 895 (11th Cir.), *cert. denied,* 493 U.S. 982, 110 S.Ct. 516, 107 L.Ed.2d 517 (1989), we addressed a similar argument. The defendant in that case was charged under 46 U.S.C. app. § 1903(a) and (j) based on evidence seized by the United States Coast Guard on March 1, 1987. We considered and rejected the argument that the district court had applied the wrong mandatory minimum sentencing standards. In affirming the judgment we held that,

> Appellant's argument that the wrong mandatory minimum sentencing stan-

dards were applied is ... unfounded. The district court correctly applied 46 U.S.C. app. § 1903(g) by employing the 1986 minimum mandatory sentencing provisions set forth in 21 U.S.C. § 960, rather than the out-of-date 1970 provisions.

*Id.* at 901.

Accordingly, here, as in *Fuentes,* we reject Young's argument that the district court applied the wrong mandatory minimum sentencing standards.

### B.

■ Young argues that his twelve year mandatory minimum sentence for his conspiracy conviction is illegal. In support of that argument he relies on *United States v. Rush,* 874 F.2d 1513 (11th Cir.1989). In *Rush,* we held that prior to the 1988 amendments [5] the mandatory minimum sentence provision contained within 21 U.S.C. § 960 applied only to convictions for the underlying substantive offense, not convictions for conspiracies. *Rush* concerned charges under 21 U.S.C. § 963, conspiracy to import five kilograms or more of cocaine.

The government concedes that under the *Rush* analysis, Young was improperly sentenced to a twelve year mandatory minimum prison term for his conspiracy charge. There are no cases in this circuit applying *Rush* to a situation involving 42 U.S.C. app. § 1903(j). Nonetheless, since section 1903(g) directs that punishment for a conspiracy under section 1903(j) shall be in accordance with 21 U.S.C. § 960(b), the rationale underlying the *Rush* decision indicates that the mandatory minimum term should not have been applied in Young's case. *See United States v. Robinson,* 883 F.2d 940, 941 (11th Cir.1989) (applying *Rush* to conspiracy conviction under 21 U.S.C. § 846); *United States v. Laetividal–Gonzalez,* 939 F.2d 1455, 1459 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112

---

Drug Abuse Prevent and Control Act of 1970 (21 U.S.C. 960)."

**5.** Title 21 U.S.C. §§ 846 and 963 were amended in 1988 to require the same mandatory mini-

mum penalties without parole for both conspirators and substantive offenders. Those amendments became effective on November 18, 1988.

S.Ct. 1280, 117 L.Ed.2d 505 (1992); *United States v. Giltner*, 889 F.2d 1004, 1009 (11th Cir.1989) (applying *Rush* to convictions under 21 U.S.C. §§ 963 and 846). Therefore, we hold that Young was improperly sentenced to a twelve year mandatory minimum prison term for his conspiracy conviction.

### C.

■ Young asserts that the non-parole provision included in his sentence is erroneous because he committed his offense prior to November 1, 1987, and cites *Laetividal–Gonzalez* as support. However, in *United States v. Giltner*, 972 F.2d 1563 (11th Cir. 1992), we held that *Gozlon–Peretz*, implicitly overruled *Laetividal–Gonzalez*. *Gozlon–Peretz*, held that section 1002 of the Anti Drug Abuse Act ("ADAA") became effective on its date of enactment, October 27, 1986, because absent a clear direction to the contrary a law is deemed to take effect on the date of its enactment. *Gozlon–Peretz*, —— U.S. at ——, 111 S.Ct. at 847. In *Giltner* we extended that analysis to 21 U.S.C. § 960, contained in section 1302 of the ADAA, Pub.L. No. 99–570, title I, § 1302, 100 Stat. 3207 (1986). Since sections 1302 and 1002 are parallel non-parole provisions and since neither contains effective dates, the reasoning in *Gozlon–Peretz* directed to section 1002 also applies to section 1302. *Giltner*, 972 F.2d at 1565. Accordingly, we hold that section 1302 became effective for offenses committed on or after October 27, 1986, and Young's argument fails. *See also Padilla Palacios v. United States*, 932 F.2d 31, 33 (1st Cir. 1991) (*Gozlon–Peretz* mandates that supervised release provisions apply to all drug offenses contained within section 1302 committed during hiatus period because section 1302 is parallel to section 1002).

### D.

■ The government urges that even if we determine that Young's sentence for count one is erroneous, the concurrent sentence doctrine precludes resentencing him. The concurrent sentence doctrine provides that if a defendant is given concurrent sentences on several counts and the conviction on one count is found valid, an appellate court need not consider a challenge to a conviction on another count so long as no collateral consequences will follow from the challenged conviction if left unreviewed. *See United States v. Caldwell*, 776 F.2d 989, 1006, n. 21 (11th Cir.1985).

■ In *Ray v. United States*, 481 U.S. 736, 737, 107 S.Ct. 2093, 2093, 95 L.Ed.2d 693 (1987), the Supreme Court, however, refused to apply the doctrine where a defendant received, in addition to concurrent terms of incarceration, cumulative monetary assessments pursuant to 18 U.S.C. § 3013. In *Ray*, the defendant was found guilty of one count of conspiracy and two counts of possession with intent to distribute. The district court imposed a $50.00 assessment on each of the three counts in addition to the concurrent sentences totalling $150.00. The Supreme Court refused to apply the doctrine because of the cumulative special assessment.

In the present case, the judgment and commitment order indicates that Young received a special assessment of $100.00. Although the commitment order does not state directly, the record indicates that Young was assessed fifty dollars for each count. Therefore, under the *Ray* analysis, the concurrent sentence doctrine is inapplicable.

### E.

■ Young finally argues that his Fifth Amendment right to be free from double jeopardy[6] was violated because counts one and two are premised on the same set of facts and, therefore, he is being penalized twice for the same act. That argument has no merit because each offense requires proof of a different element. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932);

---

6. *See* U.S. Const. amend. V.

*United States v. Farmer*, 923 F.2d 1557, 1562–63 (11th Cir.1991).

### III.   CONCLUSION

Based on *Rush*, we hold that Young was improperly sentenced to a mandatory minimum sentence for his conspiracy charge. Because Young received a cumulative monetary assessment of $100.00 we are unable to apply the concurrent sentence doctrine. Accordingly, we vacate Young's sentence and remand this case to the district court for resentencing.

VACATED and REMANDED.