[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2011
JOHN LEY
CLERK

No. 10-11541
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cr-60303-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAYWARD COLEMAN,

Defendant-Appellant.

_____

No. 10-11658
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cr-60303-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE COLEMAN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 8, 2011)

Before DUBINA, Chief Judge, HULL, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Hayward Coleman ("Hayward") appeals his 120-month sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. Appellant Pierre Coleman ("Pierre") also appeals his 120-month sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of § 846. On appeal, both Hayward and Pierre argue that 21 U.S.C. § 841(b) is unconstitutional under the Equal Protection Clause because it makes arbitrary classifications, punishes defendants at a level disproportionate to the seriousness of their offenses, is irrational, and causes unjust punishment. Hayward and Pierre further contend that the sentence required by § 841(b) is a cruel and unusual punishment, in violation

of the Eighth Amendment.  In addition, Pierre argues that the enactment of the

Fair Sentencing Act ("FSA") on August 3, 2010, requires the district court to

resentence him under the amended penalty provisions of § 841(b).  Finally, Pierre

contends that the Equal Protection Clause requires the district court to resentence

him under the less severe provisions of the FSA.

I.

Pierre and Hayward argue that § 841(b) violates the Equal Protection Clause

because it makes arbitrary classifications and punishes defendants at a level

disproportionate to the seriousness of their offenses.  Hayward and Pierre further

contend that the sentence required by § 841 is irrational and is a cruel and unusual

punishment, in violation of the Eighth Amendment.  Finally, they argue that

because the Sentencing Commission's views are entitled to "great weight," we

must reconcile the 120-month sentence required by § 841(b) with the range

recommended by the Guidelines.

We review *de novo* constitutional issues related to sentencing.  *United

States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).

We have upheld the constitutionality of the former crack-to-powder ratio for

sentencing purposes on numerous occasions.  *See, e.g., United States v. Hanna*,

153 F.3d 1286, 1288-89 (11th Cir. 1998) (the sentencing disparity between crack

and powder cocaine does not violate a defendant's substantive due process or equal protection rights); *United States v. Byse*, 28 F.3d 1165, 1168-70 (11th Cir. 1994) (sentencing disparity does not violate the Equal Protection Clause); *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988) (mandatory minimum provisions for crack cocaine do not violate the Eighth Amendment).

Although the FSA amended the statute under which Hayward and Pierre were sentenced, binding precedent holds that the previous version of § 841(b) does not violate the Constitution.

## II.

Pierre argues that the district court should resentence him under the amended penalty provisions of § 841(b).  According to Pierre, the pre-FSA version of § 841(b) lost any justification on the day that the new statute took effect.  Pierre contends that Congress passed the FSA to address constitutional infirmities in the now-repealed crack cocaine sentencing laws.  In addition, Pierre argues that 1 U.S.C. § 109 does not preserve his harsher sentence under the repealed version of § 841(b) because preservation would serve no legislative purpose.

As noted above, we review *de novo* constitutional issues related to sentencing.  *Steed*, 548 F.3d at 978.  *De novo* review also applies to the application

of law to sentencing issues. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *petition for cert. filed* (U.S. Nov. 22, 2010) (No. 10-7680).

On August 3, 2010, Congress enacted the FSA to "restore fairness to Federal cocaine sentencing." Pub. L. No. 111-120, 124 Stat. 2372, 2372 (2010). The FSA increased the amounts of crack cocaine required to trigger both the 10-year and 5-year mandatory minimum sentences in 21 U.S.C. § 841(b). *Id.* § 2(a)(1). Under the FSA, the 10-year minimum sentence only applies to offenses involving 280 grams or more of crack cocaine, and the 5-year minimum only applies to offenses involving 28 grams or more of crack cocaine. *Id.* § 2(a)(2). Prior to enactment of the FSA, offenses involving 50 grams or more of crack cocaine triggered the 10-year minimum. 21 U.S.C. § 841(b)(1)(A) (2009). The FSA did not amend the requirement that, once triggered, statutory mandatory-minimum sentences apply unless the government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or the defendant qualifies for safety-valve relief under 18 U.S.C. § 3553(f). *See United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

The general savings statute provides, in relevant part, that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide . .

5

. . ." 1 U.S.C. § 109. Moreover, the savings statute dictates that the repealed statute "shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty . . . ." *Id.* In *Gomes*, we noted that § 109 barred the FSA from applying retroactively because the defendant in that case committed his crimes before the FSA took effect. 621 F.3d at 1346. Under the prior precedent rule, we are bound to follow prior precedent "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)).

Because the FSA is silent on the issue of retroactivity, § 109 dictates that Pierre is not entitled to be resentenced under the FSA's less severe penalty provisions. The district court was correct in imposing a sentence of 120 months.

## III.

Finally, Pierre contends that the Equal Protection Clause requires changes in the criminal law to be applied to cases on appeal at the time of the change. According to Pierre, we must also interpret § 109 consistently with the directives of the Equal Protection Clause. Pierre contends that, in spite of § 109, the FSA should apply to him even though he committed his offense when the prior version of § 841(b) was in effect.

When interpreting a statute, the "starting point . . . is the language of the statute itself." *United States v. Rush*, 874 F.2d 1513, 1514 (1989). When the statutory language is clear, it is unnecessary to consider legislative history. *Id.* We have also held that "the plain language of the statute [is] conclusive as clearly expressing legislative intent, unless the resulting application would be 'absurd' or 'internal inconsistencies' must be resolved." *United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998).

Pierre's citations of legislative history fail to establish either that the former crack-to-powder ratio violates the Equal Protection Clause or that Congress intended for the FSA to apply retroactively to defendants who committed their offenses under the repealed penalty scheme.

For the aforementioned reasons, we affirm Hayward and Pierre's sentences.

**AFFIRMED.**