**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert BERNADIN, Defendant–Appellant.**

**No. 90–5241**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 16, 1991.

Sheryl J. Lowenthal, Coral Gables, Fla., for defendant-appellant.

Linda Collins Hertz, Dawn Bowen, Maria A. Franco, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, CLARK and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Bernadin was convicted of possession of and conspiracy to distribute at least 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a) and 846, and was sentenced under 21 U.S.C. § 841(b)(1)(B). Appellant's offense was committed and he was arrested on August 7, 1987, after the Anti–Drug Abuse Act of 1986 (ADAA) was signed into law on October 27, 1986, but before November 1, 1987, the effective date of the Sentencing Reform Act of 1984. Appellant now challenges his corrected sentence as improperly imposing a term of special parole in lieu of the term of supervised release which the district court, in reliance on *United States v. Smith*, 840 F.2d 886 (11th Cir.), *cert. denied*, 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988), had previously determined to be unauthorized under the Sentencing Guidelines. We remand for resentencing in light of the Supreme Court's recent decision in *Gozlon–Peretz v. United States*, —— U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), which held that the ADAA provisions mandating

a term of supervised release apply to all drug offenses specified in section 1002 of the ADAA, including 21 U.S.C. § 841(b)(1)(B), occurring after October 27, 1986 but before November 1, 1987.