**Reynaldo SOSA–VALDESPINO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 91–5337**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 19, 1992.

---

**348**

Harriett R. Galvin, Linda Collins–Hertz, Asst. U.S. Attys., Miami, Fla., for the U.S.

Before FAY, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Petitioner, Reynaldo Sosa–Valdespino, was convicted of possession of cocaine on board a vessel of the United States in violation of 21 U.S.C. § 955a(a)—an offense committed on April 6, 1987. He appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging the imposition of a five year term of supervised release as part of his sentence. We affirm, holding that terms of supervised release may be imposed for drug offenses committed between October 27, 1986, and November 1, 1987.

## I. FACTS AND PROCEDURAL HISTORY

In April 1987, Sosa was indicted along with seven codefendants for conspiracy to import more than five kilograms of cocaine in violation of 21 U.S.C. § 963 and for possession of cocaine with the intent to distribute it aboard a vessel of the United States, in violation of 21 U.S.C. § 955a(a). Following a jury trial, Sosa was acquitted on the conspiracy count but convicted on the substantive possession count. The district court sentenced Sosa to ten years imprisonment and five years supervised release pursuant to section 1302 of the Anti-Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207 (1986) (ADAA).

Sosa appealed his conviction, alleging that the district court erred in refusing to admit evidence concerning the absence of two codefendants at trial. This court rejected Sosa's claim and affirmed his conviction in an unpublished opinion. *See United States v. Gonzalez–Senti*, 886 F.2d 1323 (11th Cir.1989), *cert. denied*, 494 U.S. 1005, 110 S.Ct. 1299, 108 L.Ed.2d 476 (1990).

In September 1990, Sosa filed this 28 U.S.C. § 2255 motion, alleging that the district court erred in sentencing him to a term of supervised release. The matter was referred to the magistrate judge who interpreted Sosa's claim as a challenge to the district court's imposition of a term of supervised release. The magistrate judge construed Sosa's argument to be that the ADAA did not authorize supervised release for offenses committed between October 27, 1986 and November 1, 1987. The magistrate judge recommended that the district court either hold the motion in abeyance pending the Supreme Court's decision in *Gozlon–Peretz v. United States*, — U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), which could be dispositive on the issue, or strike the term of supervised release as contrary to this Circuit's precedent.

In February 1991, the Supreme Court issued its opinion in *Gozlon–Peretz* holding that the supervised release provisions of the ADAA applied to offenses covered by § 1002 of the ADAA committed after October 27, 1986 but before November 1, 1987. Subsequent to this decision, the district court denied Sosa's motion.

## II. ISSUE ON APPEAL

Whether the district court erred in refusing to vacate Sosa's term of supervised release.

## III. STANDARD OF REVIEW

The district court's finding regarding the legality of imposing a term of supervised release is a question of law subject to *de*

*novo* review. *See United States v. Garcia,* 890 F.2d 355 (11th Cir.1989).

## IV. DISCUSSION

In 1984, Congress passed the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1987 (1984). This legislation eliminated the special parole system and replaced it with a system of supervised release administered by the sentencing court. According to the Sentencing Reform Act of 1984, those provisions implementing the new system of supervised release were to become effective on November 1, 1987.

The ADAA became law on October 27, 1986. ADAA §§ 1002 and 1302 amended the penalties provisions of 21 U.S.C. §§ 841(b) and 960(b), respectively. Unlike other provisions of the ADAA, neither section 1002 nor section 1302 include an effective date. Because of this omission there has been confusion concerning what type of post-confinement supervision, if any, can be imposed for certain drug offenses committed between October 27, 1986, the date the ADAA was enacted, and November 1, 1987, the effective date of the Sentencing Reform Act's supervised release provisions. Sosa challenges his sentence on the ground that the district court had no authority to impose a term of supervised release because the offense of conviction occurred in April 1987.

In *Gozlon–Peretz,* the Supreme Court answered this question with respect to offenses covered by ADAA § 1002. The Court relied on well-established principles of statutory construction to conclude that supervised release terms could be imposed for offenses covered by section 1002 and committed before November 1, 1987. The Court held that absent a clear direction from Congress to the contrary, legislation becomes effective on the date of enactment. —— U.S. at ——, 111 S.Ct. at 846–47. Further, the Court noted that other provisions of the ADAA included specified effective dates while section 1002 did not. This fact, the Court held, evidences Congress's intent that section 1002 become ef-

fective on the date of enactment, October 27, 1986. *Id.*[1]

At the time Sosa was sentenced, ADAA § 1302 codified at 21 U.S.C. § 960(b) provided that:

> In the case of a violation of [§ 960(a)] involving ... 5 kilograms or more of a mixture or substance containing a detectable amount of ... cocaine ..., the person committing such violation shall be sentenced to a term of imprisonment of not less than ten years.... **Any sentence under this paragraph shall ... impose a term of supervised release of at least 5 years in addition to such term of imprisonment....**

*Id.* (emphasis added). Like section 1002, section 1302 includes no effective date. Because ADAA §§ 1002 and 1302 are parallel provisions, the First Circuit held that the same reasoning applied by the Supreme Court in *Gozlon–Peretz* to section 1002, applies to section 1302. *Padilla Palacios v. United States,* 932 F.2d 31, 34–35 (1st Cir.1991). We agree.

We hold, therefore, that supervised release applies to those drug offenses specified by ADAA § 1302 and committed between October 27, 1986 and November 1, 1987. Thus, the district court's imposition of a term of supervised release in this case was appropriate.

Sosa also argues that the district court improperly delayed decision of his case. This argument is meritless and warrants no discussion.

## V. CONCLUSION

For the above-stated reasons, the district court's order denying Sosa's motion to vacate his sentence is AFFIRMED.

---

1. In *United States v. Smith,* 840 F.2d 886 (11th Cir.), *cert. denied,* 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988), this court held that the effective date of § 1002 was tied to the November 1, 1987 effective date of the supervised re-

lease provisions of the Sentencing Reform Act of 1984. *Gozlon–Peretz* implicitly overruled *Smith.* *See United States v. Bernadin,* 931 F.2d 760 (11th Cir.1991).