**UNITED STATES OF AMERICA,
Plaintiff–Appellee,**

v.

**MICHAEL W. GILTNER,
Defendant–Appellant.**

**No. 90–3990.**

United States Court of Appeals,
Eleventh Circuit.

July 13, 1992.

Arthur D. Brannan, Holland, & Knight, Tampa, Fla., for defendant-appellant.

**1560**

Karla Spaulding, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

The appellant, Michael W. Giltner ("Giltner"), appeals his sentence imposed by the United States District Court for the Middle District of Florida. Because of controlling precedent in this circuit, we are constrained to vacate and remand.

## I. PROCEDURAL HISTORY

Giltner was indicted by a federal grand jury for the following offenses: Count One, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; Count Twelve, conspiracy to import in excess of one thousand pounds of marijuana in violation of 21 U.S.C. § 963; Count Thirteen, conspiracy with intent to distribute in excess of one thousand pounds of marijuana in violation of 21 U.S.C. § 846; and Count Fourteen, conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment and collection of income taxes in violation of 18 U.S.C. § 371. Giltner was also charged with preparing and signing false and fraudulent joint federal income tax returns for the years 1979, 1980 and 1982 in violation of 26 U.S.C. § 7201.

Pursuant to a Plea Agreement, Giltner pled guilty to all charges except the continuing criminal enterprise charge which was dismissed. The Plea Agreement provided, *inter alia*, that in exchange for Giltner's cooperation he would be sentenced to no more than fifteen years of imprisonment.[1]

At Giltner's sentencing hearing, the government advised the district court that Giltner played a major role in a large marijuana conspiracy by heading up a group which distributed marijuana into Michigan. Giltner was also described as an individual who had not had an honest, non-drug-related job since the mid-1970's. Moreover, the district court was informed that Giltner had failed to cooperate with the government and had shown little remorse for his crimes. Finally, the district court was told of the enormity of the conspiracy crimes engaged in by Giltner and his co-conspirators; that being, the smuggling and distributing of 700,000 to 1,000,000 pounds of marijuana. After hearing allocution by Giltner and his attorneys, the district court sentenced Giltner to a total of twelve years of imprisonment. This sentence was imposed under the assumption that the minimum mandatory sentences contained in 21 U.S.C. §§ 841 and 960 were applicable to the two marijuana conspiracies.

Giltner appealed. Pursuant to *United States v. Rush*, 874 F.2d 1513 (11th Cir. 1989), we held that the minimum mandatory sentencing provisions did not apply to Giltner's marijuana conspiracy convictions. *See United States v. Giltner*, 889 F.2d

---

**1.** Paragraph 1(e) of the Plea Agreement states as follows:

The defendant recognizes that judges of the federal court in the Middle District of Florida have held that the penalty for each of Counts 12 and 13 of the indictment charging violations of Title 21, United States Code, Sections 963 and 846 respectively, is a minimum term of imprisonment of five (5) years, and a maximum term of imprisonment of forty (40) years, during which term of imprisonment shall not be eligible for parole, and a fine of $2,000,000.00 followed by a mandatory term of supervised release of not less than four (4) years; further the defendant waives his right to appeal the issue of the penalty applicable to the violations charged in Counts 12 and 13 of the indictment. However, if the Eleventh Circuit Court of Appeals or the United States Supreme Court rules that said minimum mandatory penalty is not applicable to violations of Title 21, United States Code, Section 963 and 846, the government agrees that at the time of such ruling the defendant should be accorded all the benefits of said ruling which may be available from the parole board, specifically consideration of Title 18, United States Code, Section 4205(b)(2) judgment and commitment order in this case.

1004, 1006–09 (11th Cir.1989). We remanded the case for resentencing.

Following remand, a resentencing hearing was held. At that hearing, the government again discussed Giltner's continuing lack of cooperation in violation of his Plea Agreement. The government also informed the district court that pursuant to *United States v. Walther*, 911 F.2d 741 (11th Cir.1990) (unpublished opinion),[2] the district court had discretion to impose a non-parolable sentence. The government specifically requested that Giltner be given a non-parolable sentence and after allowing allocution by the parties, the district court again sentenced Giltner to twelve years of imprisonment without the possibility of parole. Giltner then perfected this appeal.

## II. STANDARD OF REVIEW

A sentence within the statutory limits will not be questioned on appeal absent a "showing of arbitrary or capricious action amounting to a gross abuse of discretion." *United States v. Ard*, 731 F.2d 718, 727 (11th Cir.1984).

Because the issue of the legal applicability of the non-parolable provision of the statute and the enforceability of Giltner's waiver of appeal are both legal issues, these questions are reviewed de novo. *See United States v. Lawson*, 809 F.2d 1514, 1517 (11th Cir.1987).

---

**2.** Pursuant to 11th Cir. Rule 36–2, unpublished opinions are not considered binding precedent. They may, however, under certain circumstances, be cited as persuasive authority.

**3.** As applicable to offenses committed after October 27, 1986, the pertinent provisions of the Anti–Drug Abuse Act of 1986 provide in pertinent part as follows:

*21 U.S.C. § 963: Attempts and conspiracy*
Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both *which may not exceed the maximum punishment prescribed for the offense,* the commission of which was the object of the attempt or conspiracy. (Emphasis added).
21 U.S.C. § 963 (West 1981).
*21 U.S.C. § 960: Prohibited Acts A*
(a) Any person who—

## III. ANALYSIS

Giltner argues that Congress did not provide for non-parolable terms of imprisonment for violations of 21 U.S.C. §§ 846 and 963 that occurred before the effective date of the United States Sentencing Guidelines ("U.S.S.G."). Therefore, he argues that the district court abused its discretion in sentencing him to two concurrent non-parolable twelve year terms of imprisonment for violations of 21 U.S.C. §§ 846 and 963. Both the conspiracy charges contained in the Superseding Indictment and the Stipulated Facts within Giltner's Plea Agreement allege that the charged conspiracies occurred from February 1976 until on or about December 16, 1986. The sentencing provisions contained in the Anti–Drug Abuse Act of 1986 ("ADAA"), which provided for non-parolable terms of confinement, became effective on October 27, 1986. *See Gozlon–Peretz v. United States*, — U.S. ——, 111 S.Ct. 840, 845–48, 112 L.Ed.2d 919 (1991); *United States v. Rodriguez–Suarez*, 856 F.2d 135, 138 (11th Cir. 1988), *cert. denied*, 488 U.S. 1045, 109 S.Ct. 875, 102 L.Ed.2d 998 (1989); *United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988). The criminal activity for which Giltner was convicted continued until after the effective date of the provisions of the ADAA. Accordingly, we are persuaded that the non-parolable sentence Giltner received in this case was proper and was supported by a clear reading of the statutory language.[3]

---

(1) Contrary to Section 952 ... of this title, knowingly or intentionally imports ... a controlled substance ... shall be punished as provided in subsection (b) of this section.
(b)(1) In the case of violation of subsection (a) of this section involving ... (G) 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana ... the person committing such violation shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this paragraph. *No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.* (Emphasis added).
21 U.S.C. § 960 (West 1981 & Supp.1992).
*21 U.S.C. § 846: Attempt and conspiracy*

Because these pertinent statutes are clear, we need not review the legislative history. *See United States v. Rush,* 874 F.2d at 1514. For a drug conspiracy offense, the plain language of these statutes provides that a defendant may be sentenced up to the maximum punishment allowed by law. The maximum punishment is life imprisonment without the possibility of parole.

The question we are presented with in this appeal is whether the district court erred in sentencing Giltner to concurrent non-parolable terms of imprisonment for violations of 21 U.S.C. §§ 846 and 963, committed on or about February 1976, and continuing through December 16, 1986.

In the only published opinion out of this circuit, we held that the ADAA of 1986 did not become effective until November 1987, and, thus, that drug conspiracy sentences for acts before November 1987, must be parolable. *See United States v. Laetividal–Gonzalez,* 939 F.2d 1455, 1459 (11th Cir.1991).

In *Gozlon–Peretz,* the United States Supreme Court, in dealing with the supervised release provisions of the ADAA of 1986 held that "absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment." 111 S.Ct. at 846. (Citations omitted). The Court went on to hold that "... Congress believed that the mandatory minimum penalties had gone into effect as of the ADAA's date of enactment, October 27, 1986." 111 S.Ct. at 847.[4] From a careful reading of the Court's opinion in *Gozlon–Peretz,* it appears to us that the effective date of the ADAA of 1986 as stated by the court in *Laetividal–Gonzalez,* is incorrect.[5] Because, however, we are bound by *Laetividal–Gonzalez,* and because the government conceded at oral argument that Giltner is entitled to a remand to seek a parolable sentence, we must vacate and remand. Accordingly, for the foregoing reasons, the sentence imposed by the district court is vacated and this case is remanded for resentencing.

**VACATED and REMANDED.**

---

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which *may not exceed the maximum punishment* prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
21 U.S.C. § 846 (West 1981).
*Section 841: Prohibited Acts A*
(a) ... it shall be unlawful for any person knowingly or intentionally—
 (1) to ... possess with intent to ... distribute ... a controlled substance....
(b) ... any person who violates subsection (a) of this section shall be sentenced as follows:
(1)(A) In the case of a violation of subsection (a) of this section involving—
 \*    \*    \*    \*    \*    \*
*(vii) 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana*
 \*    \*    \*    \*    \*    \*
such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. *No person sentenced under this subparagraph*

*shall be eligible for parole during the term of imprisonment imposed therein.* (Emphasis added).
21 U.S.C. § 841 (West 1981 & Supp.1992).

4. The ADAA contains no general effective date provision. In this regard, the Supreme Court noted in *Gozlon–Peretz* that while Congress remained silent as to the ADAA as a whole, it did provide express effective date provisions for certain discrete sections. 111 S.Ct. at 846. The Court concluded that

 [W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.

 111 S.Ct. at 846–47. (Citations omitted). Congress did not specify an effective date for the penalty provisions at issue here. We therefore view its omission as deliberate, and look to the ADAA's date of enactment, October 27, 1986, for the provisions' effective date.

5. Although the opinion in *Laetividal–Gonzalez* was released shortly after the opinion in *Gozlon–Peretz,* it did not cite the Supreme Court decision.