**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**MICHAEL W. GILTNER,**
Defendant–Appellant.

No. 90–3990.

United States Court of Appeals,
Eleventh Circuit.

Sept. 18, 1992.

Michael W. Giltner, pro se.

Arthur D. Brannan, Holland & Knight, Tampa, Fla., for defendant-appellant.

Karla Spaulding, Tamra Phipps, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

ON PETITION FOR REHEARING
Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

The government's petition for rehearing is granted. Our previously published opinion in *United States v. Giltner*, 972 F.2d 1559 (11th Cir.1992), is vacated. This opinion is entered in lieu thereof. ·

## I. INTRODUCTION

The appellant, Michael W. Giltner ("Giltner"), appeals his sentence imposed by the United States District Court for the Middle District of Florida. For the reasons which follow we affirm, holding that a non-parolable sentence may be imposed for drug conspiracies committed between October 27, 1986, and November 1, 1987.

## II. PROCEDURAL HISTORY

Giltner was indicted by a federal grand jury for the following offenses: Count One, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; Count Twelve, conspiracy to import in excess of one thousand pounds of marijuana in violation of 21 U.S.C. § 963; Count Thirteen, conspiracy with intent to distribute in excess of one thousand pounds of marijuana in violation of 21 U.S.C. § 846; and Count Fourteen, conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment and collection of income taxes in violation of 18 U.S.C. § 371. Giltner was also charged with preparing and signing false and fraudulent joint federal income tax returns for the years 1979, 1980 and 1982 in violation of 26 U.S.C. § 7201.

Pursuant to a Plea Agreement, Giltner pled guilty to all charges except the continuing criminal enterprise charge which was dismissed. The Plea Agreement provided, *inter alia*, that in exchange for Giltner's cooperation he would be sentenced to no more than fifteen years of imprisonment.[1]

At Giltner's sentencing hearing, the government advised the district court that Giltner played a major role in a large marijuana conspiracy by heading up a group which distributed marijuana into Michigan. Giltner was also described as an individual who had not had an honest, non-drug-related job since the mid–1970's. Moreover, the district court was informed that Giltner had failed to cooperate with the government and had shown little remorse for his crimes. Finally, the district court was told of the enormity of the conspiracy crimes engaged in by Giltner and his co-conspirators; that being, the smuggling and distributing of 700,000 to 1,000,000 pounds of marijuana. After hearing allocution by Giltner and his attorneys, the district court sentenced Giltner to a non-parolable twelve-year term of imprisonment. This sentence was imposed under the assumption that the minimum mandatory sentences contained in 21 U.S.C. §§ 841 and 960 were applicable to the two marijuana conspiracies.

Giltner appealed. Pursuant to *United States v. Rush*, 874 F.2d 1513 (11th Cir. 1989), we held that the minimum mandatory sentencing provisions did not apply to Giltner's marijuana conspiracy convictions. *See United States v. Giltner*, 889 F.2d 1004, 1006–09 (11th Cir.1989). We remanded the case for resentencing.

Following remand, a resentencing hearing was held. At that hearing, the government again discussed Giltner's continuing lack of cooperation in violation of his Plea Agreement. The government also informed the district court that pursuant to *United States v. Walther*, 911 F.2d 741 (11th Cir.1990) (unpublished opinion),[2] the district court had the discretion to impose a non-parolable sentence. The government specifically requested that Giltner be given a non-parolable sentence and after allowing allocution by the parties, the district court again sentenced Giltner to twelve years of imprisonment without the possibility of parole. Giltner then perfected this appeal.

In *United States v. Giltner*, 965 F.2d 1053 (11th Cir.1992), we felt constrained to vacate Giltner's sentence because of controlling precedent in this circuit. We are now convinced that we can affirm Giltner's sentence based upon recent Supreme Court authority.

### III. STANDARD OF REVIEW

██ A sentence within the statutory limits will not be questioned on appeal absent a "showing of arbitrary or capricious action amounting to a gross abuse of discretion." *United States v. Ard*, 731 F.2d 718, 727 (11th Cir.1984).

Because the issue of the legal applicability of the non-parolable provision of the statute and the enforceability of Giltner's

---

**1.** Paragraph 1(e) of the Plea Agreement states as follows:

The defendant recognizes that judges of the federal court in the Middle District of Florida have held that the penalty for each of Counts 12 and 13 of the indictment charging violations of Title 21, United States Code, Sections 963 and 846 respectively, is a minimum term of imprisonment of five (5) years, and a maximum term of imprisonment of forty ·(40) years, during which term of imprisonment shall not be eligible for parole, and a fine of $2,000,000.00 followed by a mandatory term of supervised release of not less than four (4) years; further the defendant waives his right to appeal the issue of the penalty applicable to the violations charged in Counts 12 and 13 of

the indictment. However, if the Eleventh Circuit Court of Appeals or the United States Supreme Court rules that said minimum mandatory penalty is not applicable to violations of Title 21, United States Code, Section 963 and 846, the government agrees that at the time of such ruling the defendant should be accorded all the benefits of said ruling which may be available from the parole board, specifically consideration of Title 18, United States Code, Section 4205(b)(2) judgment and commitment order in this case.

**2.** Pursuant to 11th Cir.Rule 36–2, unpublished opinions are not considered binding precedent. They may, however, under certain circumstances, be cited as persuasive authority.

waiver of appeal are both legal issues, these questions are reviewed *de novo.* *United States v. Stone,* 948 F.2d 700, 702 (11th Cir.1991).

## IV. ANALYSIS

■ Giltner argues that the district court abused its discretion in sentencing him to two concurrent non-parolable twelve-year terms of imprisonment because the non-parolable terms of imprisonment contained within 21 U.S.C. §§ 841 and 960 did not become effective until November 1, 1987, the date that the United States Sentencing Guidelines ("U.S.S.G.") became effective. He contends the non-parole provisions are inapplicable to his sentence since his criminal conduct occurred from February 1976 until on or about December 16, 1986.[3] We disagree.

Title 21 U.S.C. §§ 841 and 960 were amended, respectively, by sections 1002 and 1302 of the Anti–Drug Abuse Act of 1986 ("ADAA"), Pub.L. No. 99–570, 100 Stat. 3207 (1986), which was signed into law by President Reagan on October 27, 1986. Unlike other provisions contained within the ADAA, neither section 1002 nor section 1302 contains an express effective date.

In February 1991, the Supreme Court decided *Gozlon–Peretz v. United States,* 498 U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), which held that "absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment." *Gozlon–Peretz,* at ——, 111 S.Ct. at 846, 112 L.Ed.2d at 930. Since section 1002 contains no effective date, and since there was nothing in the Act to rebut the presumption that it should become effective upon the ADAA's enactment, the supervised release provisions contained within section 1002 apply to all drug offenses specified by section 1002 that were committed on October 27, 1986. *Id. See, e.g., Rodriguera v. United States,* 954 F.2d 1465, 1467 (9th Cir.1992) (supervised release requirement specified by section 1002

became effective on October 27, 1986); *United States v. Bernadin,* 931 F.2d 760 (11th Cir.1991) (same).

Section 1302 is a parallel provision to section 1002 and similarly does not contain an effective date; therefore, the reasoning applied by the Supreme Court in *Gozlon–Peretz* to section 1002, is also applicable to section 1302. *Sosa–Valdespino v. United States,* 963 F.2d 347, 349 (11th Cir.1992). *See, e.g., Padilla Palacios v. United States,* 932 F.2d 31, 33–34 (1st Cir.1991). In *Sosa–Valdespino,* we held that the supervised release provision within section 1302 of the ADAA became effective on October 27, 1986. *Id.*

In the present case, the issue is whether the non-parole provisions contained within sections 1002 and 1302 became effective on October 27, 1986. Applying the statutory construction employed by the Supreme Court in *Gozlon–Peretz,* there is nothing in section 1002 or in 1302 to rebut the presumption that the sections in their entirety became effective on October 27, 1986. *See United States v. Harris,* 959 F.2d 246, 257 (D.C.Cir.1992) (section 1002 became effective in its entirety when it was enacted on October 27, 1986). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Gozlon–Peretz,* 498 U.S. at ——, ——, 111 S.Ct. at 846–47, 112 L.Ed.2d at 930. Congress did not specify an effective date for the penalty provisions at issue here. We therefore view its omission as deliberate, and look to the ADAA's date of enactment, October 27, 1986, for the provisions' effective date. Therefore, we hold that the non-parole provisions contained within section 1002 and 1302 became effective on October 27, 1986, and were in effect when Giltner committed his offenses. *See, e.g., Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991) (holding non-parolable sentence provision within section 1002 effective on Octo-

---

**3.** Both the conspiracy charges contained in the Superseding Indictment and the Stipulated Facts within Giltner's Plea Agreement allege

that the charged conspiracies occurred from February 1976 until on or about December 16, 1986.

ber 27, 1986). Accordingly, the district court correctly sentenced Giltner to two concurrent non-parolable sentences, pursuant to 18 U.S.C. §§ 841 and 960.

In light of *Gozlon–Peretz*, we decline to follow *United States v. Laetividal–Gonzalez*, 939 F.2d 1455 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1280, 117 L.Ed.2d 505 (1992). This court may decline to follow a decision of a prior panel if such action is necessary in order to give full effect to a decision of the United States Supreme Court. *See Lufkin v. McCallum*, 956 F.2d 1104, 1107 (11th Cir.1992); *United States v. Machado*, 804 F.2d 1537, 1543 (11th Cir.1986).

## V. CONCLUSION

For the foregoing reasons, we affirm Giltner's sentence.

AFFIRMED.