16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kishor JOSHI, Petitioner-Appellant,
v.
George Ellen HURST, Warden, FCI Memphis, Tennessee; United
States Parole Commission, Respondents-Appellees.
 No. 93-5846.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 W.D.Tenn., No. 92-02861; McRae, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: KEITH and RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 
 ORDER
 
 4
 Kishor Joshi appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Following a jury trial in the United States District Court for the Southern District of Florida in May 1988, petitioner was convicted of importation, conspiracy to import, and conspiracy to possess with intent to distribute over 1,000 kilograms of hashish. Petitioner was sentenced to three concurrent terms of twelve and one-half years of imprisonment. Because the sentencing court had concluded that the sentencing guidelines otherwise applicable to petitioner's offenses were unconstitutional, see United States v. Bogle, 693 F.Supp. 1102 (S.D.Fla.1988) (en banc), petitioner's sentence was imposed under pre-guidelines law. Petitioner's convictions were affirmed on direct appeal, but the legality of petitioner's sentence was not addressed. United States v. Joshi, 896 F.2d 1303 (11th Cir.), cert. denied, 498 U.S. 986 (1990).
 
 
 6
 Thereafter, petitioner filed his petition for a writ of habeas corpus in the United States District Court for the Western District of Tennessee, where he is currently incarcerated. Petitioner alleged that the United States Parole Commission improperly denied him parole after it concluded that his importation offense under 21 U.S.C. Sec. 952 is nonparolable pursuant to 21 U.S.C. Sec. 960(a)(1) and (b)(2). Petitioner contends that the sentencing court intended for all of his offenses to be parolable. The government responded in opposition to the petition, and petitioner filed a traverse. The district court dismissed the petition as without merit. Petitioner has filed a timely notice of appeal taken from the district court's judgment. On appeal, petitioner renews his contention that the Parole Commission thwarted the sentencing court's intent by denying him parole.
 
 
 7
 Upon consideration, the judgment of the district court is affirmed for the reasons stated in its order of dismissal filed May 27, 1993. Essentially, judicial review of a decision by the Parole Commission under Sec. 2241 is limited to a determination that a rational basis exists for the decision. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam). Here, a rational basis exists for the Parole Commission's denial of parole in petitioner's case because the offense is nonparolable. Moreover, we note that the opinion relied upon by petitioner in his reply brief, United States v. Giltner, 972 F.2d 1559 (11th Cir.1992), was vacated on rehearing after the court concluded that the non-parole amendments to 21 U.S.C. Sec. 960 became effective October 27, 1986. United States v. Giltner, 972 F.2d 1563, 1563-66 (11th Cir.1992), cert. denied, 113 S.Ct. 2383 (1993).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation