UNITED STATES of America,

v.

Michael W. GILTNER.

No. 86–396–CR–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 2, 1994.

Mark Jackowski, Asst. U.S. Atty., Tampa, FL, for U.S.

Joseph Registrato, Tampa, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR CORRECTION/REDUCTION OF SENTENCE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant, Michael W. Giltner's, Motion for Correction/Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure (Docket No. 1001), and response thereto (Docket No. 1003).

*CASE SUMMARY*

On December 12, 1986, Michael W. Giltner ("Giltner") and other co-defendants were indicted in the Middle District of Florida for various narcotics and tax violations. Pursuant to a plea agreement, Giltner pled guilty in January 1988 to conspiracy to import marijuana in violation of 21 U.S.C. § 848, conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 963, conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371, and preparing and signing false tax returns in violation of 26 U.S.C. § 7201.

Under the terms of the plea agreement, Giltner would receive a sentence not in excess of fifteen years. In return, he agreed to "immediately and voluntarily" forfeit specified assets contributable to his ill-gotten gains. Such assets were to be disposed of "in the sole discretion of the government", with the proceeds therefrom applied to offset his outstanding federal income tax liability. Giltner additionally agreed to "cooperate fully with the government" by supplying information and testimony regarding other criminal activities.

In August 1988, this Court accepted the plea agreement and initially sentenced Giltner to twelve years imprisonment. Giltner subsequently appealed the original sentence to the Eleventh Circuit Court of Appeals.[1] On remand, this Court resentenced Giltner to twelve years without possibility of parole. Mr. Giltner again appealed his sentence, and was given the opportunity to withdraw his plea, which he declined. The Eleventh Circuit subsequently sustained the sentence by mandate in January 1993. *See United States v. Giltner*, 972 F.2d 1563 (11th Cir.1992).

In March 1993, Giltner timely filed a Motion for Correction/Reduction of Sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.[2] This Court subsequently heard three days of testimony regarding the merits of the Rule 35 motion in September, 1993.

## MERITS OF GILTNER'S MOTION TO REDUCE SENTENCE

■ Mr. Giltner contends that a reduction of his twelve year, non-parolable sentence is appropriate in light of his cooperation with the government, as required by the plea agreement. The government, however, vigorously opposes any such reduction and asserts that Giltner violated his plea agreement by failing to provide the requisite cooperation and assistance.

At the hearing on the instant motion, Giltner presented evidence and testimony that he had testified three times in forfeiture proceedings, executed necessary documents, and persuaded his mother to forfeit assets in her possession connected with his illegal activities. Mr. Giltner defended his failure to sign a quitclaim deed to one of his forfeitable properties because he deemed the price inadequate. Mr. Giltner also testified that he disclosed all information regarding other criminal activities to the government.

Alternatively, the government presented evidence that Giltner obstructed forfeiture efforts regarding other assets, and failed to "immediately and voluntarily" forfeit all assets as required by the plea agreement. The government presented evidence that Giltner's failure to sign the aforementioned quitclaim deed resulted in the loss of sale of the property, which remains unsold to this day. Additionally, the government presented testimony establishing that Giltner failed to disclose his participation in bankruptcy proceedings involving a liquor license subject to forfeiture. Mr. Giltner's omission precluded the government from protecting their interest in the license, which was ultimately lost to a third party in bankruptcy.

Regarding Giltner's disclosure of information relative to other criminal activities, the government maintains he did not "cooperate fully" as required by the plea agreement. The government presented compelling evidence that Mr. Giltner may have perjured himself in a grand jury proceeding.[3] Based on an Internal Revenue Service investigation, the government presented evidence that Giltner failed to disclose information relating to a marijuana trafficking conspiracy in the Bradenton, Florida area. Further, the government presented testimony that Giltner failed to disclose evidence concerning a narcotics conspiracy in Michigan in which an investigation implicated his participation.

■ A party making a motion for reduction of sentence bears the burden of establishing that he is entitled to such relief. *See,*

---

**1.** The issue on appeal involved the applicability of the minimum sentence requirements of 21 U.S.C. §§ 841, 960. *See United States v. Giltner*, 889 F.2d 1004 (11th Cir.1989).

**2.** The instant motion is governed by former Rule 35(b) applicable to offenses committed prior to November 1, 1987, which provides in pertinent part:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 after receipt by the court of a mandate issued

upon affirmance of the judgment or dismissal of the appeal....

Fed.R.Crim.Pro. 35(b) (1980). *Compare* Fed.R.Crim.Pro. 35(b) (1988) (providing for consideration of Rule 35(b) motions only upon motions initiated by the *government*).

**3.** Specifically, when testifying in front of a grand jury, Giltner denied any knowledge of illegal activities on the part of Mr. Jay Arnold. During the hearing on the instant motion, however, Giltner testified that Mr. Arnold was a small-time cocaine dealer from which he purchased small amounts of cocaine in the past.

e.g., *United States v. Tiler*, 602 F.2d 30 (2d Cir.1979). After carefully weighing all the relevant evidence, the Court finds the greater weigh of such evidence establishes that Mr. Giltner is not entitled to the relief sought. As discussed above, the plea agreement provided that Giltner would surrender the contemplated assets "immediately and voluntarily," and that such assets were to be disposed of "in the sole discretion of the government." The available evidence establishes his failure to act accordingly. The plea agreement did not provide that Giltner would immediately and voluntarily surrender *most* of the specified assets or would sign the appropriate documents if the selling price met with his approval. Mr. Giltner was represented by counsel throughout the negotiation of his plea agreement and forfeiture proceedings, and has utilized numerous attorneys throughout his experience in the federal criminal justice system.[4] Terms of a plea are not appropriately negotiated after the execution of the agreement. Moreover, the Court offered Giltner the opportunity to withdraw his plea when he seemed displeased with the terms therein.

The government further presented compelling evidence that Giltner did not only fail to cooperate fully with on-going criminal investigations, but may have actively falsified and concealed relevant information. As such, the Court finds that Mr. Giltner is not entitled to a reduction of his sentence. The plea agreement contemplated a sentence not in excess of fifteen years *given Giltner's full performance of the plea requirements.* A further reduction of the twelve year sentence imposed by this Court is thus unsustainable.

 Mr. Giltner additionally claims that other, more culpable co-conspirators received more lenient sentences for their offenses, and that he is the victim of prosecutorial vindictiveness. However, the evidence establishes that his co-conspirators cooperated with the government to a greater degree than Giltner, and fails to sustain his claims of persecution. Mr. Giltner has brought to the attention of the Court the poor health of his former wife and the hardship of his six-year-old son attributable to his absence. Mr. Giltner petitions this Court to attenuate his family's suffering through a reduction of his sentence. Here, as with many crimes, the innocent family of the perpetrator suffers through no fault of their own. Neither justice nor societal policies are advanced through the sufferance of innocent parties, especially children. However, all responsibility for his family's pain rests squarely on the shoulders of Mr. Giltner as a tragic and unavoidable by-product of his actions both prior and subsequent to his incarceration. Accordingly, it is

**ORDERED** that Defendant's Motion for Correction/Reduction of Sentence be **denied.**

**DONE AND ORDERED.**

---

4. To date, it is in the Court's knowledge that Giltner has utilized at least six attorneys during the pendency of the action before this Court.