**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-60481
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JORGE MARISIO-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____
(February 17, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:

Jorge Marisio-Gonzalez ("Gonzalez") appeals the denial of his motion to correct illegal sentence under FED. R. CRIM. P. 35. Finding no error, we affirm.

I.

Gonzalez was convicted of conspiracy to possess with intent to distribute approximately 900 kilograms of cocaine, possession with intent to distribute the same amount of cocaine, and interstate travel in aid of racketeering. He was sentenced to a 168-month

term of imprisonment on the conspiracy charge; a concurrent 120-month term on the possession charge, followed by a five-year term of supervised release; and five years of probation to run concurrently with his supervised release. Gonzalez's conviction was affirmed on direct appeal. United States v. Ruiz, 987 F.2d 243 (5th Cir.), cert. denied, 114 S. Ct. 163 (1993).

The Parole Commission issued a notice that Gonzalez was eligible for "presumptive parole" on January 25, 1996. In response to Gonzalez's request for an administrative remedy, the Commission subsequently notified him that he was not eligible for parole on the sentence for conspiracy but only on the sentence for drug possession.[1] Gonzalez's administrative appeal of this decision was denied.

Gonzalez then filed a motion for clarification of the judgment imposing his sentence. The district court construed Gonzalez's motion as one challenging his sentence under 28 U.S.C. § 2241 and dismissed it for lack of jurisdiction.

Gonzalez next filed a motion to correct his sentence under rule 35. The district court again denied his motion for lack of jurisdiction for the same reasons. Gonzalez filed another rule 35 motion, challenging the imposition, and not the execution, of his sentence. The court issued a memorandum opinion holding that Gonzalez's entire sentence was a pre-guidelines sentence and was without parole under the Anti-Drug Abuse Act ("ADAA"), which was in

---

[1] Both of the notices issued by the Commission erroneously determined that Gonzalez was eligible for parole on all or part of his sentence.

effect at the time that the offenses were committed. The Commission subsequently notified Gonzalez that he was not eligible for parole on any part of his sentence.

Gonzalez then filed the instant rule 35 motion, alleging that (1) the denial of parole on his entire sentence is a denial of due process, and (2) his counsel was ineffective for failing to file a rule 35 motion within 120 days of the denial of his certiorari petition. The district court denied his motion, holding that Gonzalez's counsel was not ineffective but refusing to reconsider its decision upholding the validity of Gonzalez's sentence.

## II.

Gonzalez argues that the district court erred in holding that his sentence for the drug conspiracy conviction was without parole under the pre-guidelines law in effect at the time the offense was committed. He contends that the district court improperly imposed a more onerous sentence without parole after he sought clarification of the sentence.

Gonzalez was convicted of conspiracy to distribute 900 kilograms of cocaine in violation of 21 U.S.C. § 846. Section 846 then provided that the statutory penalty for a conspiracy under that provision was the same imprisonment as that prescribed for the object offense. Bifulco v. United States, 477 U.S. 381, 383 (1980). The "object offense" for which Gonzalez was convicted was possession with intent to distribute cocaine in violation of 21 U.S.C. § 841.

3

Gonzalez's involvement in the drug conspiracy continued until August 1987. At that time, the Sentencing Guidelines had not yet been enacted. Section 841 of Title 21 was amended by section 1002 of the ADAA, effective on October 27, 1986. See Gozlon-Peretz v. United States, 498 U.S. 395, 409 (1991); United States v. Robles-Pantoja, 887 F.2d 1250, 1257-58 (5th Cir. 1989). Section 1002 changed § 841(b)(1)(A) to provide that "[n]o person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." This version of § 841 remained in effect until the guidelines became effective on November 1, 1987.

This court has not addressed the issue of whether the "no parole" provision of § 841, as amended by the ADAA, applies to a § 846 drug conspiracy conviction that was committed during the time that the ADAA was in effect. We have held, however, that the supervised release provision of § 841, as amended by the ADAA, applies to a § 846 conspiracy that began in early 1986 and continued until July 1987. See United States v. Smith, 32 F.3d 194, 196 (5th Cir. 1994).

Other circuits have held that the ADAA's "no parole" provision applies to § 846 drug conspiracies committed between October 27, 1986, and October 31, 1987. See Dyer v. United States, 23 F.3d 1424, 1425-26 (8th Cir. 1994); United States v. Giltner, 972 F.2d 1563, 1565-66 (11th Cir. 1992), cert. denied, 113 S. Ct. 2383 (1993). Because we have previously applied the ADAA's supervised release provisions to conspiracies committed during the period in question, and because other circuits have applied the

4

ADAA's "no parole" provision to such conspiracies, we now hold that the ADAA's "no parole" provision applies to Gonzalez's § 846 conspiracy.[2]

AFFIRMED.

---

[2] Gonzalez requests appointment of counsel for oral argument. The interests of justice do not require oral argument or the appointment of counsel in this case. See FED. R. APP. P. 34(a)(3).