IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40779

Summary Calendar
_____

CEPHUS DONALD DYER,

Plaintiff-Appellee,

versus

WOODS, Warden, et al.,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-C-95-140)

_____

June 20, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.
PER CURIAM:[*]

        We affirm for substantially the reasons provided in the
district court's opinion below, and provide the following
explanation.

Parole

        Dyer's conspiracy ran from November 18, 1986 until August 19,
1988.  We assume that Dyer is correct that the provisions of the
Anti-Drug Abuse Act of 1988, which took effect on November of 1988,

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

may not be applied to him.  Accordingly, we hold Dyer's sentence is governed by the combination of the Anti-Drug Abuse Act of 1986, which took effect in October of 1986, and the Sentencing Guidelines, which took effect on November 1, 1987 pursuant to the Sentencing Reform Act of 1984.  The first half of this conclusion is obvious:  the ADAA of 1986 was in effect throughout the entirety of Dyer's offense.  Circuit precedent dictates the second half of the conclusion.  See United States v. Bermea, 30 F.3d 1539, 1577 (1994) (holding that the Sentencing Guidelines apply to conspiracies continuing past their effective date), cert. denied, 115 S. Ct. 1113 (1995).

Dyer agrees that the ADAA of 1986 amended 21 U.S.C. § 841 to make certain offenses non-parolable.  Dyer was convicted of conspiracy to commit an offense specified as non-parolable in section 841.  See 21 U.S.C. § 846.  In United States v. Marisio-Gonzalez, 46 F.3d 438, 440 (5th Cir. 1995), we held that the no-parole provision of section 841 applies to section 836 conspiracies committed after the effective date of the ADAA of 1986.  Thus, Dyer committed a non-parolable offense.

Dyer invokes United States v. Laetividal-Gonzalez, 939 F.2d 1455 (11th Cir. 1991), cert. denied, 503 U.S. 912 (1992).  This case is no longer good law.  United States v. Giltner, 972 F.2d 1563, 1566 (11th Cir. 1992), cert. denied, 508 U.S. 926 (1993).  United States v. Moon, 926 F.2d 204, 210 (2d Cir. 1991), upon which Dyer relies, only accepted the government's concession that the

2

ADAA of 1988 could not be applied to offenses committed before its effective date.  It did not address the conclusion we reached in Marisio-Gonzalez that the ADAA of 1986 made certain section 846 offenses non-parolable.

Dyer seeks to distinguish Marisio-Gonzalez on the grounds that the conspiracy in that cases was completed before the effective date of the Sentencing Guidelines, but he fares no better under the Guidelines.  The Sentencing Reform Act of 1984, which made the relevant portion of the Sentencing Guidelines effective on November 1, 1987, repealed 18 U.S.C. § 4205, upon which Dyer relies for his argument that he is eligible for parole.  The Guidelines replaced parole with supervised release.  United States v. Parks, 924 F.2d 68, 73 n.4 (5th Cir. 1991).  Thus, it is not surprising that the face of Dyer's judgment of conviction and sentence recite that he was sentenced under the Guidelines, which do not entitle him to supervised release.

We therefore refuse to reach any of Dyer's arguments regarding the applicability of the ADAAs of 1986 and 1988[1] or the SRA of 1984.  None of these arguments, if accepted, would make Dyer eligible for parole.

Good Time Credits

---

[1]  We note that nothing in the record suggests that the sentencing court actually relied upon the ADAA of 1988 when sentencing Dyer.

3

Dyer relies on 18 U.S.C. §§ 4161-62 for his argument that he is entitled to good time and work-time credits. The SRA of 1984 repealed these two provisions effective November 1, 1987. <u>United States v. Newby</u>, 11 F.3d 1143, 1145 n.1 (3d Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1841 (1994). <u>Bermea</u> establishes that the Guidelines apply to conspiracies extending beyond this date. Dyer might have been entitled to good time credits under 18 U.S.C. § 3624(b). He has not relied on this statute before this court, however, and we therefore decline to address this argument.