CLD-159                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3581
_____

FREDDY AGUILERA QUINJANO,
                                          Appellant

v.

WARDEN HOWARD HUFFORD;
ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-02254)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 2, 2013)
_____

OPINION
_____

PER CURIAM

        Freddy Aguilera Quinjano, proceeding pro se, appeals from the District Court's

order denying his habeas petition filed pursuant to 28 U.S.C. § 2241.  For the reasons that

1

follow, we will summarily affirm.

I.

Because we write primarily for the parties, we discuss the background of this case only to the extent needed to resolve this appeal. Quinjano is a federal prisoner incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania. In 1988, the United States District Court for the Southern District of Florida (hereinafter "SDFL") sentenced him to thirty years' imprisonment for possession and conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Between 1989 and 1997, three other federal district courts sentenced him to prison time for various drug-related offenses. The most recent of those sentences, imposed by the United States District Court for the Middle District of Pennsylvania (hereinafter "the District Court"), is a life term (without parole) for violations of § 846 and the federal aiding and abetting statute, 18 U.S.C. § 2.

In 2011, Quinjano commenced this action by filing a pro se habeas petition in the District Court pursuant to § 2241. The petition essentially took issue with the fact that the Bureau of Prisons ("BOP") was treating his SDFL sentence as a non-parolable sentence. According to Quinjano, because his SDFL offenses were committed before the Sentencing Reform Act of 1984 ("SRA") went into effect on November 1, 1987,[1] he was eligible for parole from his SDFL sentence.

After the Government filed its opposition to the petition, the United States

Magistrate Judge who was assigned to the case issued a report recommending that the

District Court deny the petition on the merits.  Quinjano subsequently filed objections to

the report.  On August 29, 2012, the District Court overruled those objections, adopted

the Magistrate Judge's recommendation, and denied the petition.  This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[2]

We review the District Court's denial of habeas relief de novo, exercising plenary review

over the court's legal conclusions and reviewing its findings of fact for clear error.  See

Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).  We "may affirm the District

Court's judgment on any basis supported by the record."  Murray v. Bledsoe, 650 F.3d

246, 247 (3d Cir. 2011) (per curiam).

Having carefully considered Quinjano's arguments, we agree with the District

Court's decision to deny his request for habeas relief.  First, as the District Court

highlighted, there is no evidence that the BOP treated his SDFL sentence as one imposed

under the SRA.  Second, he has not established that the BOP erred by failing to treat that

sentence as being subject to parole.  It appears that his SDFL offenses may have been

[1] The SRA replaced "indeterminate sentences and the possibility of parole with determinate sentencing and no parole."  Lyons v. Mendez, 303 F.3d 285, 289 (3d Cir. 2002) (per curiam) (quotation marks and citation omitted).
[2] Quinjano does not need to obtain a certificate of appealability to proceed with this appeal.  See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

committed after the effective date of the Anti-Drug Abuse Act of 1986 ("ADAA"), which, inter alia, amended 21 U.S.C. § 841 such that "'no person sentenced under [§ 841(b)(1)(A)] shall be eligible for parole during the term of imprisonment imposed therein.'" United States v. Marisio-Gonzalez, 46 F.3d 438, 440 (5th Cir. 1995) (per curiam) (quoting section 1002 of the ADAA). Even if his SDFL offenses predated the effective date of the ADAA, he is still ineligible for release on parole in light of the life sentence imposed against him by the District Court in 1997.[3]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.

---

[3] Quinjano's habeas petition, perhaps conveniently, failed to mention his life sentence.