**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis LINARES, Defendant–Appellant.**

**Nos. 13–12325, 15–10559, 15–11708.**

United States Court of Appeals,
Eleventh Circuit.

March 10, 2016.

Kathleen Mary Salyer, Robert J. Brady, Jr., Wifredo A. Ferrer, Carol Herman, Jeanne Marie Mullenhoff, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Randee J. Golder, Randee J. Golder, PA, Boynton Beach, FL, for Defendant–Appellant.

Before WILSON and JULIE CARNES, Circuit Judges, and HALL,* District Judge.

PER CURIAM:

In three criminal cases, Linares pled guilty to conspiring to import cocaine in violation of 21 U.S.C. § 963. As a result, the district court, in accordance with 21 U.S.C. § 960, imposed three concurrent sentences of eighty-one years of incarceration, subject to parole eligibility after twenty-seven years. Then, more than twenty-two years later, Linares filed three *pro se* motions to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a). Below, the district court denied these motions, and subsequently Linares filed the instant appeal.

For cases 1:88–cr–750–KLR–2 and 1:90–cr–75–JAG–1, Linares argues that the parole terms within his sentences were erroneous based on the non-parole provisions of the Anti–Drug Abuse Act of 1986 ("ADAA"). Conversely, the Government contends that Linares' sentences were proper because the non-parole provisions

* Honorable J. Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

were not applicable to conspiracy drug offenses until 1988. Having received these arguments, we now review *de novo*. *See United States v. Giltner*, 972 F.2d 1563, 1564–65 (11th Cir.1992).

Enacted on October 27, 1986, the ADAA amended 21 U.S.C. § 960 by eliminating parole as a sentencing term for federal drug offenses and replacing it with a system of supervised release. Pub. L. No. 99–570, § 1302, 100 Stat. 3207 (1986). Yet, unlike other provisions within the ADAA, section 1302—the section amending 21 U.S.C. § 960—did not contain an express effective date. *Id.* However, based on the Supreme Court's decision in *Gozlon–Peretz v. United States*, 498 U.S. 395, 406, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), we held in *Giltner*, 972 F.2d at 1565, that this section became effective upon the ADAA's enactment. Moreover, we also held in *Giltner* that the non-parole provisions in section 1302 became effective as to both substantive and conspiracy drug offenses upon the ADAA's enactment. *Id.* at 1563, 1565; *see also United States v. Young*, 975 F.2d 1537, 1540 (11th Cir.1992). Accordingly, because his conspiracy offenses occurred from August 1987 to on or about October 27, 1987, and on or about August 27, 1987, respectively, we hold that the parole terms within Linares' sentences were improper.

As for case 1:89–cr–240–JAG–1, Linares asserts that his eighty-one-year sentence pursuant to the ADAA[1] violates the *Ex Post Facto* Clause of the Constitution.[2] In support of his argument, Linares contends that his role in the conspiracy ended in early 1983 and did not extend beyond, or "straddle," the October 27, 1986 effective date of the ADAA. In opposition, the Government argues that, because Linares is responsible for the reasonably foreseeable conduct of his coconspirators, his role in the conspiracy continued beyond this date. We review such alleged violations of the *Ex Post Facto* Clause *de novo*. *See United States v. Futrell*, 209 F.3d 1286, 1290 (11th Cir.2000).

To run afoul of the *Ex Post Facto* Clause, a criminal law must meet two criteria: (1) "it must be retrospective, that is, it must apply to events occurring before its enactment," and (2) "it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Here, because the maximum sentence under 21 U.S.C. § 960 in 1983 was fifteen years of imprisonment, it is clear that the eighty-one-year sentence Linares received pursuant to the ADAA was disadvantageous. Pub. L. No. 99–570, § 1302, 100 Stat. 3207 (1984). Thus, only the element of retrospectivity is at issue in this case.

In *United States v. Peeples*, 23 F.3d 370, 373 (11th Cir.1994), we stated that a conspirator is responsible for

> the conspiracy's activities in which he is involved, and for drugs involved in those activities, and for subsequent acts and conduct of conspirators, and drugs involved in those acts or conduct carried

---

1. For this case, both parties cite the Comprehensive Crime Control Act of 1984 ("CCCA") as the act at issue. However, the CCCA only increased the maximum term of imprisonment under 21 U.S.C. § 960 from fifteen to twenty years. Pub. L. No. 98–473, § 504, 98 Stat. 1837 (1984). Consequently, because the district court sentenced Linares to eighty-one years of imprisonment, the district court did not sentence him pursuant to the CCCA. Instead, the district court sentenced Linares pursuant to the ADAA, which increased the maximum term of imprisonment to life. Pub. L. No. 99–570, § 1302, 100 Stat. 3207 (1984). Therefore, we construe the parties' CCCA-based arguments as ADAA-based.

2. "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

on in furtherance of the conspiracy which is reasonably foreseeable to him. Importantly, we have also noted that " 'the ending date of an indictment does not govern whether an offense should be classified as a straddle crime.' " *Id.* (quoting *United States v. Bakker*, 925 F.2d 728, 739 (4th Cir.1991)). Rather, the scope of the conspiracy " 'must be determined individually from what was proved as to [the defendant].' " *Id.* (quoting *United States v. Borelli*, 336 F.2d 376, 385 (2d Cir.1964)).

Based on these principles, the fact that the indictment against Linares identifies the conspiracy as ending in 1988 is immaterial. On the other hand, what is material is Linares' alleged admission, noted within his pre-sentence investigation ("PSI") report. Specifically, the report reveals that Linares indicated that "from 1982 to 1988 he and his codefendant conspired to import cocaine into the United States." However, the reliability of this statement is belied by other parts of the PSI report that suggest Linares' participation in the conspiracy was more limited in duration: (1) the probation officer's statement that this case "occurred before the November of 1987" and (2) the probation officer's repeated assertion that Linares' sentencing should not be governed by the Sentencing Guidelines, which took effect on November 1, 1987.

Excluding this putative admission in light of the inconsistencies in the PSI report, we are left without any evidence suggesting that the post–1983 conduct of Linares' coconspirators was reasonably foreseeable to him. While the Government argues that coconspirator Indalecio Iglesias' use of cocaine proceeds to purchase and improve real estate was reasonably foreseeable, it points only to allegations in the indictment for substantiation of these acts. Without more, we cannot conclude that Iglesias took these actions,

much less that they were reasonably foreseeable to Linares. As a result, we must hold that the ADAA's application in this case was retrospective in violation of the *Ex Post Facto* Clause.

For the reasons above, we hold that Linares was improperly sentenced in each of the aforementioned cases. Accordingly, we vacate Linares' sentences and remand these cases to the district court for resentencing.

**VACATED and REMANDED.**